# In the United States Court of Federal Claims
No. 25-859
Filed: June 17, 2025

|  |
|---|
| **JEREMY KINSEY,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>    *Defendant.* |

## ORDER OF DISMISSAL

    Plaintiff, Jeremy Kinsey ("Mr. Kinsey"), neglected to remit the requisite filing fee or submit an *in forma pauperis* ("IFP") application alongside his claim in this Court. (ECF No. 5 (citing 28 U.S.C. §§ 1914, 1915)). The Court directed Mr. Kinsey to submit payment or file an IFP application by June 13.[1] (*Id.*). Because Mr. Kinsey failed to pay the requisite fees and has not been granted *in forma pauperis* status, he cannot pursue this litigation. Therefore, the Court hereby **DISMISSES** his Complaint pursuant to RCFC 41(b).

    Due to Mr. Kinsey's repeated deficient filings, the Court previously considered subject matter jurisdiction before Mr. Kinsey paid his filing fee or submitted an IFP application. (*See generally* Order Dism. Claims, ECF No. 7); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Court typically refrains from doing so, deferring any assessment of the merits until the necessary procedural threshold has been met. As noted, however, the deluge of improper filings necessitated the Court's early intervention.

    In its Order addressing Mr. Kinsey's claims, the Court reaffirmed that the Tucker Act grants jurisdiction over claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. (*See* Order Dism. Claims at 1 (citing 28 U.S.C. § 1491(a)(1))). The Court also reiterated that it lacks subject-matter jurisdiction to review tort claims. (*Id.* at 1–2); *see also* 28 U.S.C. § 1491(a)(1) (reciting only federal-law sources of rights and excluding cases "sounding in tort"). The Court found that the majority of Mr. Kinsey's claims were based in tort or were not tethered

---

[1] Although a document titled "IFP application" was filed on Mr. Kinsey's behalf, it was both improperly submitted and unrelated to his financial circumstances. (*See* Order Dism. Claims at 3–4, ECF No. 7). The Court rejected the document because it did not satisfy the Court's Order. (*Id.* at 3; *see also* ECF No. 5).

to money-mandating sources of law; those claims were appropriate for immediate dismissal. (Order Dism. Claims at 1–3).

The Court went on to state that Mr. Kinsey's "only *potentially* viable claim" arose from his allegation that the United States breached a non-disclosure agreement ("NDA") and noted that the claim would be evaluated once Mr. Kinsey remitted the filing fee or an appropriately filed IFP application was granted. (Order Dism. Claims at 4 (emphasis in original)). For context, Mr. Kinsey supports this allegation by stating that he "is a private individual and litigant who entered a binding NDA with the federal court for the protection of sensitive Legal information and the safety of her [sic] family." (Compl. at 1, ECF No. 1). Although Mr. Kinsey has not overcome the administrative hurdles, the Court determines that even if he had remedied those defects, his remaining claims would still be dismissed for lack of subject-matter jurisdiction. RCFC 12(b)(1), 12(h)(3).

In contract disputes, the "money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money damages are available for breach of contract." *Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011) (describing contracts that do not fall within the reach of the Tucker Act). Therefore, the Court's Tucker Act jurisdiction is typically established by a "*non-frivolous* allegation of a contract with the government." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis added). That said, the existence of a contract alone does not establish Tucker Act jurisdiction, as not all contracts involve a right to monetary damages. *Christy, Inc. v. United States*, 141 Fed. Cl. 641, 661 (2019), *aff'd*, 971 F.3d 1332 (Fed. Cir. 2020). Taken together, it is a plaintiff's burden to show that a valid, non-frivolous, and money-mandating contract exists. Mr. Kinsey's claims related to an alleged contractual breach miss the mark.

As an initial deficiency, the Court questions the sufficiency of Mr. Kinsey's Complaint because it fails to satisfy the requirements of RCFC 9(k). This rule mandates that a plaintiff cite the substantive provisions of the contract that form the foundation of its breach of contract claim. RCFC 9(k). The absence of these specific provisions hinders effective review. This Court has recognized that the requirements under RCFC 9(k) can be met when a plaintiff attaches a copy of the contract—or a similar document—to the pleading or otherwise identifies the provisions of the contract that have allegedly been breached. *See Zainulabeddin v. United States*, 138 Fed. Cl. 492, 508 (2018) (citing *Garreaux v. United States*, 77 Fed. Cl. 726, 730 (2007)); *Baha v. United States*, 123 Fed. Cl. 1, 5 (2015) (determining that a contractual supplement, which defines the terms of the parties' agreement, meets the pleading requirements under RCFC 9(k)). Here, Mr. Kinsey neither identified the substantive provisions of the alleged "breached" contract nor provided a valid contract to substantiate his claim.

Confronting the obvious issue, Mr. Kinsey's claimed "breach" seems to arise from a dispute over public access to court filings rather than any contractual violation. (Compl. at 2 ("Despite this agreement, the Court and its staff **breached the NDA** by disseminating information regarding Plaintiff's filings, case status, and address to individuals and parties who had **not been formally served**[.]" (emphasis in original); also stating "The Defendant, acting through the court and its officers, breached this agreement by disclosing confidential information to unserved parties and enabling unauthorized access to Plaintiff's filings and contact data.")). Mr. Kinsey's failure to cite specific contractual provisions—particularly any that would shield

him from the spotlight of Public Access to Court Electronic Records ("PACER")—further suggests this allegation does not stem from a breach. Instead of submitting an actual binding contract to satisfy RCFC 9(k), Mr. Kinsey attaches "Form LCrR46.5(b)(3) Non-disclosure Agreement for Organizations Providing Contract Services," (*id.* Ex. 1 at 15, 18, ECF No. 1-2), and "Form LR 26.2 Model Confidentiality Order," (*id.* Ex. 1 at 19–28 (capitalization removed))—both model contracts, neither of which constitutes an enforceable NDA.

Mr. Kinsey's failure to adhere to RCFC 9(k) raises jurisdictional concerns. *Baha*, 123 Fed. Cl. at 5 n.4 ("Satisfaction of RCFC 9(k) is a jurisdictional requirement."); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014) ("If a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim."); *Kissi v. United States*, 102 Fed. Cl. 31, 35 (2011) (finding the court lacked jurisdiction due to plaintiff's failure to "adequately plead a contract claim under RCFC 9(k)"). Ultimately, as Mr. Kinsey's pleading does not establish a valid, non-frivolous contract, the Court lacks jurisdiction.

What's more, to maintain a cause of action under the Tucker Act for breach of contract, "there must be privity of contract between the plaintiff and the United States." *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998). Black's Law Dictionary defines privity as a "connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property)." *Privity*, BLACK'S LAW DICTIONARY (12th ed. 2024). Here, Mr. Kinsey fails to establish privity of contract with any degree of certainty. The documents he relies on are templates, lacking signatures from either himself or a representative of the United States. Additionally, he undermines his own assertion of a legally recognized interest in the referenced NDA. His breach claim hinges entirely on a case from the U.S. District Court for the Northern District of Illinois, in which he was *not a party*. (Compl. at 1 ("On or about 01/31/2025, Plaintiff entered into a [NDA] with the United States District Court for the Northern District of Illinois in relation to sensitive legal filings and materials associated with Case No.1:25-cv-01112, *Black v. BPM LLP et al.*")).

The Court recognizes that pro se plaintiffs are not expected to articulate issues with the same precision as attorneys, *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987), but even pro se litigants must allege "plausible" facts sufficient to satisfy both the requirements of subject-matter jurisdiction and the necessary elements of a claim as a matter of law for which relief may be granted. *See Stephanatos v. United States*, 306 F. App'x 560, 564 (Fed. Cir. 2009) (stating that arguments should be "fleshed out."). While simply alleging to be a party to a contract is insufficient, it is particularly concerning when a plaintiff's own evidence contradicts their assertion. Since Mr. Kinsey has not provided credible evidence that he was a party to any alleged NDA, his claim falls even further beyond jurisdictional bounds.

Aside from his failure to satisfy jurisdictional requirements, Mr. Kinsey's filings engender further skepticism. Although Mr. Kinsey asserts that he is a party to the NDA contract in his Complaint, his name is handwritten in the otherwise typewritten section, (Compl. at 1), and the claim closely resembles allegations made by Ashley Black ("Ms. Black") in a separate case. *Black v. United States*, Case No. 25-827 (Merriweather, J.). This issue is further compounded by the series of deficient filings the Court received from Ms. Black, apparently on

behalf of Mr. Kinsey. As the Court previously determined, these submissions were improper, as there is no evidence that Ms. Black is an attorney, she is not a party to this case, and Mr. Kinsey proceeds as a pro se plaintiff. (*See* Compl. at 3, 8; Order Dism. Claims at 3); RCFC 83.1(a)(3) ("An individual who is not an attorney . . . *may not* represent a corporation, an entity, or any other person[.]"). Even if Ms. Black were a party to this case, pro se litigants are prohibited from submitting filings via email on behalf of another individual. (Order Dism. Claims at 3); RCFC Supp. to Appx. B IV(9)(iii)(B). Considering the totality of the circumstances, Mr. Kinsey appears to treat this breach claim as though it can be transferred between parties. However, legal claims are not like a lost and found box. No matter how much someone else insists they have a right to them, ownership remains with the original claimant absent specific laws otherwise. Put plainly, the Court is unpersuaded that this alleged breach claim would belong to Mr. Kinsey under any circumstances. Regardless, while the Court questions the legitimacy of the apparent transfer of claims from Ms. Black to Mr. Kinsey, that skepticism does not serve as the grounds for dismissal. Dismissal is based exclusively on Mr. Kinsey's failure to remit the required fee or file an IFP application; it is further reinforced by his inability to meet jurisdictional requirements.

      Pursuant to RCFC 41(b), Mr. Kinsey's Complaint is **DISMISSED** for failure to either pay the appropriate filing fee or comply with *in forma pauperis* filing requirements. Moreover, the Court notes that although most of Mr. Kinsey's claims were previously dismissed for lack of subject matter jurisdiction, his remaining claims are similarly deficient. The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

      **IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id*. This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.